# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

FEB 22 2013

UNITED STATES OF AMERICA

v.

John Allen Wright

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 11-cr-146-01-SM

Harry N. Starbranch, Jr., Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to counts: _1-6 of the Indictment_.
☐ pleaded nolo contendere to count(s) __ which was accepted by the court.
☐ was found guilty on count(s) __ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | July 31, 2011 | 1-5 |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | September 1, 2011 | 6 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) __ and is discharged as to such count(s).

☐ Count(s) dismissed on motion of the United States: __.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

February 22, 2013
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

Steven J. McAuliffe
United States District Judge
Name & Title of Judicial Officer

February 22, 2013
Date

AO 245B (Rev. 09/08) Judgment in a Criminal Case - Sheet 2 – Imprisonment
Case 1:11-cr-00146-SM Document 49 Filed 02/22/13 Page 2 of 7
Judgment - Page 2 of 7

CASE NUMBER: 11-cr-146-01-SM
DEFENDANT: John Allen Wright

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 1,920 months (160 years).

This term consists of terms of 360 months on each of Counts One, Two, Three, Four and Five, all such terms to be served consecutively to one another; and a term of 120 months on Count Six, to be served consecutively to the terms imposed on Counts 1 through 5, for a total sentence of 1,920 months (160 years).

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in a sex offender treatment program while incarcerated, if eligible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
☐ on __ at __.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ on _ before __.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshall

CASE NUMBER: 11-cr-146-01-SM  
DEFENDANT: John Allen Wright

Judgment - Page 3 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life.**

This term of Life is on each of Counts One through Six, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

Pursuant to 42 U.S.C. § 14135a, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

The defendant is required to register initially, and to keep this registration current, in each jurisdiction where the defendant resides, works, and attends school. In addition, for initial registration purposes only, the defendant must register in the jurisdiction where he is convicted, if he does not reside in that jurisdiction. The defendant must initially register before completing imprisonment.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Judgment in a Criminal Case - Sheet 3 - Supervised Release
Case 1:11-cr-00146-SM   Document 49   Filed 02/22/13   Page 4 of 7

CASE NUMBER:   11-cr-146-01-SM
DEFENDANT:     John Allen Wright

Judgment - Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall comply with his prescribed medication regimen. The defendant shall pay for the cost of any prescribed psychotropic medications to the extent he is able as determined by the probation officer.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall neither possess nor have under his control any material depicting sexually explicit conduct as that term is defined in 18 U.S.C. § 2256(2) involving adults or children. This includes but is not limited to any 'matter' obtained through access to any computer or any material linked to computer access or use.

The defendant shall maintain a complete, current inventory of his computer access including but not limited to any bills pertaining to computer access, telephone bills used for modem access, or other charges accrued in the use of a computer. The defendant shall submit a monthly record of computer use and bills to the probation officer and shall provide the probation officer with any on-line screen names or passwords he uses. The defendant shall not use any software designed for the purpose of encryption or wiping computer disk space and/or drives.

The defendant shall participate in a sex offender specific assessment as directed by the supervising officer.

The defendant must participate in a specialized sex offender treatment program that may include use of a plethysmograph. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant must submit to polygraph examination as a containment strategy for the management of sex offenders.

The defendant may not loiter within 100 yards of any school yard, playground, swimming pool, arcade, or other such place frequented by children.

The defendant may not use sexually-oriented telephone numbers or services.

The defendant's place of residence may not be within 100 yards of any park, playground, public pool, or any business or facility operated principally for the care, control, custody or supervision of, or use by minor children.

The defendant is barred from the use of the internet and all media devices with interactive computer service, as defined in U.S.C. § 230(f), without prior approval of the probation officer.

The defendant shall consent to the installation of systems that will enable the probation office or its designee to monitor computer use on any computer owned or controlled by the defendant. The defendant shall pay for the cost of the installation of such systems to the extent he is able as determined by the probation officer.

The defendant shall consent to and cooperate with unannounced examinations of any computer owned or controlled by the defendant, which may result in retrieval and copying of all data from the computer(s) and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.

The defendant shall not directly or indirectly contact the victim or any persons under the age of eighteen, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the probation officer.

**Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed)

_____   _____
Defendant                                               Date

_____   _____
U.S. Probation Officer/ Designated Witness      Date

CASE NUMBER: 11-cr-146-01-SM  Judgment - Page 6 of 7
DEFENDANT: John Allen Wright

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $600.00 | | |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TOTALS: | $ 0.00 | $ 0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement.

☐ The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ The interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ The interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $600.00 due immediately.

☐ not later than _, or
☐ in accordance with ☐ **C**, ☐ **D**, or ☐ **E** below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ **C**, ☐ **D**, or ☐ **E** below); or

**C** ☐ Payment in installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

**D** ☐ Commencing thirty days after release from imprisonment to the term of supervision, payments shall be made in equal monthly installments of $ during the period of supervised release, and thereafter.

**E** ☐ Special instructions regarding the payment of criminal monetary penalties:


Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301. Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| **Defendant Name** | **Case Number** | **Joint and Several Amount** |
| --- | --- | --- |
| | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.